**Electronically Filed**
**Intermediate Court of Appeals**
**29195**
**21-DEC-2011**
**07:57 AM**

NO. 29195

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CIVIL NO. 05-1-0534
DEBRA HEVERLY-CAMPBELL, Plaintiff-Appellant,
and
JADE HEVERLY-CAMPBELL, Plaintiff,
v.
COLONY SURF, LTD., a Hawaii Corporation, et al.
Defendants-Appellees, and JOHN DOES 1-10, et al., Defendants.


CIVIL NO. 05-1-1759
ROBERT S. THUE, Plaintiff/Counterclaim Defendant-Appellee, v.
DEBRA HEVERLY-CAMPBELL, Defendant/Counterclaimant-Appellant.

DEBRA HEVERLY-CAMPBELL, Third Party Plaintiff-Appellant, v.
LAURA CHING THUE, aka LAURA CHING, Third Party Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

This is an appeal from two consolidated civil actions. In Civil No. 05-1-0534, a personal injury action arising out of alleged exposure to asbestos in an apartment unit at 2895 Kalakaua Avenue, Plaintiff-Appellant Debra Heverly-Campbell and her daughter, Plaintiff Jade Heverly-Campbell (collectively the Heverly-Campbells) brought suit against Defendants-Appellees Colony Surf, Ltd., W.E. Denison Corporation, William E. Denison, Mary Lou Leslie, Paul Leonard, individually and as Trustee of the

Paul and Dorit Leonard Family Trust, Costa's Plumbing Co., Inc., and Richard E. Costa (collectively Defendants-Appellees). As to this action, Debra Heverly-Campbell appeals from the Final Judgment entered on June 26, 2008 by the Circuit Court of the First Circuit (circuit court)[1] in favor of all Defendants-Appellees and against the Heverly-Campbells.[2]

In Civil No. 05-1-1759, Plaintiff-Counterclaim Defendant-Appellee Robert S. Thue (Thue) filed a complaint against Defendant Debra Heverly-Campbell seeking unpaid amounts owed under a contract to rent the apartment unit at 2895 Kalakaua Avenue. Debra Heverly-Campbell filed a counterclaim against Thue and filed a Third-Party Complaint against Linda Ching Thue (Ching Thue) alleging various causes of action. As to this action, Debra Heverly-Campbell appeals from the Final Default Judgment entered on July 1, 2008, which entered default judgment against Debra Heverly-Campbell as to Thue's claim and dismissed all other claims.

On appeal, Debra Heverly-Campbell (Appellant), *pro se*, asserts a single point of error, that the circuit court abused its discretion "in granting defendants' motion pursuant to HRCP 37 to dismiss the complaint for failure to appear for an independent medical examination and failure to appear for depositions." She contends that "defendants failed to demonstrate entitlement to dismissal of the action because there was no evidence of any deliberate, willful or contumacious behavior by the plaintiffs with respect to any court ordered discovery." She ends her point of error section by stating "dismissal of the complaint under these [c]ircumstances was in error, constituted abuse of discretion, and the order should be reversed."

---

[1] The Honorable Victoria S. Marks presided.

[2] The Notice of Appeal was executed only by Debra Heverly-Campbell, *pro se*, and she is thus the only appellant in this appeal.

Appellant Heverly-Campbell does not present any point of error or argument regarding the circuit court's May 16, 2008 summary judgment order in favor of all Defendants-Appellees in Civil No. 05-1-0534.

As to Civil No. 05-1-1759, Appellant Heverly-Campbell[3] presents no point of error or argument challenging the summary judgment order in favor of Thue and Ching Thue as to Heverly-Campbell's defenses and most of her claims, the circuit court's order dismissing any and all of her claims, or the default judgment in favor of Thue on his claim for breach of contract.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant authorities, we resolve Appellant Heverly-Campbell's appeal as follows.

(1) As an initial matter, Appellant Heverly-Campbell's opening brief fails to comply with Rule 28 of the Hawai'i Rules of Appellate Procedure (HRAP). It fails to: provide references to the record on appeal for numerous statements of fact and for mentioned court proceedings; it fails to state where in the record the alleged error occurred; it fails to state where in the record the alleged error was objected to or the manner it was brought to the attention of the circuit court. We may therefore disregard Appellant Heverly-Campbell's point of error. See In re Contested Case Hearing on Water Use Permit Application Filed by Kukui (Molokai), Inc., 116 Hawai'i 481, 506, 174 P.3d 320, 345 (2007). Even if we do not disregard her point of error, we conclude Appellant Heverly-Campbell's appeal does not have merit.

(2) The circuit court's Final Judgment in Civil No. 05-1-0534 and the Final Default Judgment in Civil No. 05-1-1759 are sustainable on grounds which are unchallenged by Appellant Heverly-Campbell. See Wong v. Cayetano, 111 Hawai'i 462, 479-81, 143 P.3d 1, 18-20 (2006).

---

[3]   Jade Heverly-Campbell was not a party in Civil No. 05-1-1759.

With regard to Civil No. 05-1-0534, the personal injury action, the circuit court's order filed on May 16, 2008 granted summary judgment in favor of all Defendants-Appellees. The circuit court granted summary judgment after evidence was presented by the Defendants-Appellees that the Heverly-Campbells' alleged exposure to asbestos in their apartment did not cause any physical harm and, in turn, the Heverly-Campbells failed to submit evidence in response such that there was no genuine issue of material fact as to causation or damages. Appellant Heverly-Campbell has not raised any point of error regarding the grant of summary judgment in favor of all Defendants-Appellees in Civil No. 05-1-0534, and therefore, the Final Judgment in that action is supported by unchallenged grounds.

With regard to Civil No. 05-1-1759, the circuit court's May 16, 2008 order also granted summary judgment in favor of Plaintiff Thue "as to all of Defendant Debra Heverly-Campbell's defenses" and in favor of Counterclaim Defendant Thue and Third-Party Defendant Laura Ching Thue (Laura Ching Thue) "as to all of Debra Heverly-Campbell's claims, except for Defendant Heverly-Campbell's claim for personal property damage." Subsequently, on May 28, 2008, the circuit court granted Thue and Laura Ching Thue's motion to dismiss any and all claims by Debra Heverly-Campbell in that action. On July 1, 2008, the circuit court then entered the Final Default Judgment. Appellant Heverly-Campbell has raised no point of error regarding Civil No. 05-1-1759, and therefore, the Final Default Judgment in that action is unchallenged.

(3) We also conclude that Appellant Heverly-Campbell's point of error does not have merit. We review for abuse of discretion whether the circuit court erred in sanctioning Appellant Heverly-Campbell pursuant to Rule 37 of the Hawai'i Rules of Civil Procedure by dismissing the complaint due to the Heverly-Campbells' failure to comply with discovery, including discovery ordered by the court. In re Blaisdell, 125 Hawai'i 44,

4

48, 252 P.3d 63, 67 (2011); Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 241, 948 P.2d 1055, 1082 (1997).

The record establishes that extensive efforts were made to obtain discovery in the form of independent medical examinations (IMEs) and depositions of the Heverly-Campbells, with which they failed to comply. Particularly significant, the Heverly-Campbells failed to comply with two orders by the circuit court requiring that they submit to IMEs and depositions, the last instance occurring after the court had already awarded attorneys' fees and costs for their previous failure to comply and with an already continued trial set to commence in three months.

The circuit court first ordered that the Heverly-Campbells attend IMEs on August 29, 2006 or make arrangements to reschedule the examinations to a mutually convenient date and time no later than August 15, 2006. Instead, Appellant Heverly-Campbell does not contest the Appellees' assertions that she unilaterally cancelled the August 29, 2006 IMEs and did not reschedule as ordered by the circuit court.

A motion for sanctions was filed, a hearing was held on October 11, 2006, and in an order filed on December 7, 2006, the circuit court denied the motion to the extent it sought dismissal against the Heverly-Campbells, but granted attorneys' fees and costs against them. The court further ordered that the Heverly-Campbells' respective depositions and IMEs be completed no later than December 15, 2006. This order further allowed that should the Heverly-Campbells be unable to attend their depositions and/or IMEs, that they provide timely notice and seek appropriate relief by motion.

The Heverly-Campbells thereafter filed a motion seeking to extend the deadline for their IMEs and depositions, which the circuit court granted. Additionally, the circuit court continued the trial, which had then been scheduled for May 28, 2007.

Subsequently, after further attempts to schedule the IMEs and depositions of the Heverly-Campbells, another motion was

filed on December 28, 2007 to compel the discovery. The Heverly-Campbells did not file a response but in correspondence to the circuit court dated January 20, 2008, Appellant Heverly-Campbell stated that they were willing to attend IMEs and depositions *in Hawai'i in March 2008 at the expense of the defendants*, that they were willing to do both in New York at any time, and that they were willing to attend IMEs and depositions in Hawai'i in April 2008 at their expense. Eight days later, in a letter dated January 28, 2008 sent to the circuit court, Appellant Heverly-Campbell changed her position and stated Jade was not well enough to travel at that time. No medical evidence supporting this statement was provided. Moreover, although Appellant Heverly-Campbell asserts on appeal that a subsequent letter dated January 30, 2008 was sent to the circuit court with a doctor's note, no such correspondence is part of the record, the document she attaches in her appendix on appeal does not contain a court file-stamp (unlike the January 20 and 28, 2008 correspondence), and even if the January 30, 2008 letter were part of the record, the doctor's note is completely unverified.

A hearing was held on February 4, 2008 and the circuit court issued an order on March 4, 2008, requiring the Heverly-Campbells to attend IMEs and depositions in Hawai'i anytime during the month of March 2008, the dates and times to be selected by defense counsel. At that point, trial was scheduled to commence on June 2, 2008 and thus the circuit court also extended the discovery deadline.

Following the circuit court's March 4, 2008 order, on March 7, 2008, the Heverly-Campbells submitted a response to the order stating that they were not able to travel to Hawai'i for the next two to three months due to Jade's health and attached an unverified letter from a doctor apparently treating Jade. Also on March 7, 2008, Appellant Heverly-Campbell sent correspondence to counsel in the case stating that she and Jade would not be attending IMEs or depositions in the month of March 2008.

On March 12, 2008, a motion for dismissal of all claims asserted by the Heverly-Campbells was filed by the Costa Defendants-Appellees and joined by the other defendants in Civil No. 05-1-0534. The circuit court granted this motion as set forth in an order filed on May 5, 2008.

On this record, and contrary to the arguments by Appellant Heverly-Campbell, there is abundant evidence in the record of deliberate, willful and contumacious conduct on the part of the Heverly-Campbells in failing to comply with discovery, including the court ordered IMEs and depositions.

Based on the above, and the record in this case, the circuit court did not abuse its discretion in sanctioning the Heverly-Campbells by granting dismissal of their claims in Civil No. 05-1-0534. See Aloha Unlimited, Inc. v. Coughlin, 79 Hawai'i 527, 533-36, 904 P.2d 541, 547-50 (App. 1995).

Therefore,

IT IS HEREBY ORDERED THAT the Final Judgment entered on June 26, 2008 in Civil No. 05-1-0534 and the Final Default Judgment entered on July 1, 2008 in Civil No. 05-1-1759 are affirmed.

DATED: Honolulu, Hawai'i, December 21, 2011.

On the briefs:

Debra Heverly-Campbell
Plaintiff-Appellant Pro Se
in Civil No. 05-1-0534 and
Defendant/Counterclaimant-
Appellant and Third Party
Plaintiff-Appellant
in Civil No. 05-1-1759

Wayne Parsons
(Law Offices of Wayne Parsons)
for Defendants-Appellees
Colony Surf, Ltd.,
W.E. Denison Corporation,
William E. Denison & Mary Lou
Leslie in Civil No. 05-1-0534

Chief Judge

Associate Judge

Associate Judge

7

Dennis E.W. O'Connor
Michael J. McGuigan
Elmira K. Tsang
(O'Connor Playdon & Guben LLP)
for Defendant-Appellee Paul Leonard,
individually and as Trustee of the
Paul and Dorit Leonard Family Trust
in Civil No. 05-1-0534

Jonathan L. Ortiz
Wade J. Katano
(Ortiz & Katano A Law Corporation)
for Defendants-Appellees
Costa's Plumbing Co., Inc. and
Richard E. Costa in Civil No. 05-1-0534

Preston A. Gima
Law Offices of Preston A. Gima
for Plaintiff-Appellee
Robert S. Thue in Civil No. 05-1-1759

Randall Y.S. Chung
Milton S. Tani
(Matsui Chung A Law Corporation)
for Counterclaim Defendant-Appellee
Robert S. Thue and
Third-Party Defendant-Appellee
Laura Ching Thue, aka Laura Ching
in Civil No. 05-1-1759